UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN-ROWELL,

               Plaintiff,

     -against-

IRS,

               Defendant.

1:23-CV-2155 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

    "The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court may dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted, first alteration in original). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good

faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.* "To determine whether a plaintiff has acted in bad faith[,] a court may consider a plaintiff's familiarity with the [IFP] system and [his or her] history of litigation." *Id.*

Plaintiff submitted an IFP application, but her responses in that application, as well as the particulars of her claims and/or attachments in her pleadings in this action and in a previous action, make it unclear as to whether Plaintiff is unable to pay the fees to bring this action. Many questions in her IFP application are left unanswered, and those that are answered provide conflicting information.

Plaintiff states in her IFP application that she is unemployed, that the last date of her employment was February 26, 2023, and that, at that time, her gross monthly wages were $1,000. (ECF 3, at 1.) She also alleges that, in the past 12 months, she has not received any additional funds of more than $200. (*Id.* at 1-2.) In response to the question in her IFP application asking how much money she has in a bank account, she responds by stating "N/A." (*Id.* at 2.) She responds in that same manner to the questions about whether she owns any other assets and, if so, their values; what her regular monthly expenses are; whether she financially supports others and, if so, who, and the amount of that support; and whether she has any other financial obligations. (*Id.* at 2.)

In Plaintiff's amended complaint, which is the operative pleading for this action, Plaintiff challenges the Internal Revenue Service's ("IRS") denial of her requests for income tax refunds in the amount of $2,319,792 for tax year 2021, and in the amount $15,468 for tax year 2019.

(ECF 5, at 5-6.) She has attached documents to the amended complaint purporting that, in tax year 2021, she earned $30,000,000 in income. (*Id*. at 9-15, 20-31.) Plaintiff's original complaint makes similar claims (ECF 1, at 5-6, 12-18), and has attached to it documents purporting the same as to the amount of income Plaintiff earned in tax year 2021 (*id.* at 24-30, 32-33, 35-36).[1]

Thus, in light of Plaintiff's insufficient responses in her IFP application, and because of the particulars of the claims and/or attachments included in the pleadings in this action and in Plaintiff's previous action, it is unclear whether Plaintiff is unable to pay the fees to bring this action.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402 in fees or complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:23-CV-2155 (LTS), and address the deficiencies and issues described above by providing facts to establish that Plaintiff is unable to pay the fees to bring this action. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that her "allegation of poverty is untrue." § 1915(e)(2)(A).

---

[1] The Court notes, however, that attached to the complaint in one of Plaintiff's previously filed *pro se* actions in this court was a notice from the IRS informing Plaintiff that she had "filed a purported tax return for [December 31, 2020,] that claimed one or more frivolous positions or reflected a desire to delay or impede administration of the tax laws." (ECF 1:22-CV-6633, 1, at 11.) It stated that on June 7, 2021, Plaintiff had filed "a purported tax return [that was] frivolous and [that] there [was] no basis in the law for [her] position." (*Id.*) This was because, according to the IRS, Plaintiff had "included a claim of refundable credits to which [she was] not entitled." (*Id.*)

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, this action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 11, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge